UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

PERRY KEITH STRICKLAND, Petitioner,

vs.

WARDEN, TYGER RIVER CORRECTIONAL INSTITUTION, Respondent.

C/A No.: 4:15-cv-3701-HMH-TER

**Report and Recommendation**

Petitioner, Perry Keith Strickland, (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 14, 2015. (Doc. #1). Respondent filed a motion for summary judgment on December 14, 2015, along with a return and memorandum. (Docs. #11 and #12). The undersigned issued an order filed December 15, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc.

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

#13). Petitioner filed a response in opposition on January 13, 2016. (Doc. #16). [2]

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Tyger River Correctional Institution. The Spartanburg County Grand Jury indicted Petitioner during the March 2007 term for one count of Murder, one count of Assault and Battery with Intent to Kill (ABIK), and one count of Voluntary Manslaughter. Petitioner was represented by John Reckenbeil. Appearing on behalf of the State were Assistant Solicitors Robert Coler and Dan Cude of the Seventh Judicial Circuit Solicitor's Office. A jury trial was held on July 9-11, 2007, before the Honorable J. Derham Cole, South Carolina Circuit Court Judge, for one count of murder and one count of ABIK. Petitioner was convicted by the jury of the lesser included offenses of assault and battery of a high and aggravated nature (ABHAN) and voluntary manslaughter. Judge Cole sentenced Petitioner to twelve years confinement for the voluntary manslaughter conviction and ten years confinement for the ABHAN conviction.

[2] In his response to Respondent's motion for summary judgment, Petitioner appears to argue allegations that were not raised in his petition. Therefore, these issues will not be addressed in this report and recommendation.

**Direct Appeal**

A timely Notice of Appeal was served on behalf of Petitioner on or before July 12, 2007. On appeal, Petitioner was represented by Robert M. Dudek, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. In the Final Brief, Petitioner argued that the trial court erred by refusing to direct a verdict of acquittal since Petitioner correctly argued the evidence established self-defense as a matter of law as to both murder and ABIK where it was undisputed either the decedent or his father, or both, initiated the physical attack which resulted in Petitioner and the two aggressors being stabbed. Petitioner asserted that the evidence in the case established self-defense as a matter of law as to both offenses, and the judge erred by refusing to direct a verdict of acquittals as to both. The State filed a Final Brief of Respondent, and Petitioner filed a Final Reply Brief of Appellant.

The South Carolina Court of Appeals affirmed Petitioner's convictions in an opinion filed July 21, 2010. Petitioner filed a motion for rehearing challenging the Court of Appeals' opinion. The Court of Appeals denied the petition for rehearing. Petitioner filed a Petition for Writ of Certiorari in the Court of Appeals arguing that the Court of Appeals erred by holding Petitioner was not entitled to a directed verdict where he established self-defense as a matter of law on the murder and ABIK counts

since it was undisputed that Petitioner did not initiate the fight in which Petitioner and other aggressors were stabbed and that Petitioner telling the decedent to 'shut your f'ing mouth' could constitute words so opprobrious that the decedent could be expected to resort to violence was erroneous." (Return at 8). The State filed a Return. By letter Order filed April 7, 2011, the South Carolina Supreme court denied the Petition for Writ of Certiorari, and the Remittitur was issued on April 12, 2011.

**PCR**

Petitioner filed his application for post-conviction relief (PCR) on September 6, 2011, arguing the following:

1. Ineffective assistance of counsel:

   a. Counsel provided erroneous advice regarding testifying,
   b. Counsel failed to ensure Applicant received a preliminary hearing,
   c. Counsel failed to object to improper and invalid indictment,
   d. Counsel failed to object to hearsay violations, prior inconsistent statements, going beyond a ten year period for prior bad acts, closing arguments by prosecutor,
   e. Counsel conspired with State to select a biased jury,
   f. Counsel failed to request special self-defense jury instructions,
   g. Counsel failed to call witnesses on Applicant's behalf,
   h. Counsel failed to inform Applicant of evidence State

planned on using against him,

2. Court error, in that;

a. Court denied Applicant right to have counsel of choice when termination of counsel was denied,
b. Court abused discretion b y telling prosecutor how to use Applicants prior record to impeach Applicant,
c. Court improperly denied directed verdict motion,

3. Lack of subject matter jurisdiction,

4. Due process violation.

(PCR order, Attachment 19).

The State served its return on July 17, 2012. An evidentiary hearing took place on April 4, 2013, before the Honorable J. Mark Hayes, III, South Carolina Circuit Court Judge. Petitioner was represented by Kenneth P. Shabel and the State was represented by Assistant Attorney General Suzanne H. White. Judge J. Mark Hayes, III, filed his order of dismissal on July 26, 2013. (App. 451-59).[3]

**PCR APPEAL**

Petitioner filed an appeal from the dismissal of his PCR appeal and was represented by Lara M. Caudy, Appellant Defender with the South Carolina

[3] The PCR court found that Petitioner raised an issue of court error, subject matter jurisdiction, and a due process violation in his PCR application but failed to pursue these allegations at the hearing. Thus, the PCR court found Petitioner voluntarily abandoned these allegations. (Attachment 19).

Commission on Indigent Defense, Division of Appellate Defense. A petition for writ of certiorari was filed on Petitioner's behalf raising the following allegations:

> Whether the Court of Appeals erred by holding Petitioner was not entitled to a directed verdict where he established self-defense as a matter of law on the murder and ABIK counts since it was undisputed William Huckabee or his decedent son, Chris, initiated the fight in which petitioner was stabbed and Huckabee and his decedent son came to be stabbed, and the Court's holding that, in the light most favorable to the state, that petitioner telling the decedent to "shut your f'ing mouth" could constitute words so opprobious that the decedent could be expected to resort to violence was erroneous?

(Attachment 10).

The State filed a return. Petitioner's PCR action concluded upon the Supreme Court of South Carolina's denying the Petition for Writ of Certiorari on April 23, 2015, and issuing its Remittitur on May 12, 2015. (Attachments 17 and 18).

## HABEAS ALLEGATIONS

Petitioner raised the following allegation in his petition, quoted verbatim:

GROUND ONE: Petitioner is being held in violation of his 5th, 8th, and 14th Amend. Directed verdict of aquittal on the ground of self-defense.

Supporting facts: Lower trial court did not survive a directed verdict motion without fabricating false testimony. See attached confirmation in support of Petitioner's habeas Corpus.

(Petition) (errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute

for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ...

affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an

incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner alleges trial court error. Specifically, Petitioner argues the trial court erred in failing to grant a directed verdict on the grounds of self-defense.

Respondent contends that the portion of Ground One which asserts his motion for directed verdict was improperly denied because of fabricated evidence is procedurally barred in that it was not addressed in the state courts. Respondent argues that Petitioner arguably attempted to raise this claim in his PCR action, but the PCR court found he voluntarily abandoned this claim by not pursuing the claim at the PCR evidentiary hearing. As to the remainder of Ground One that the Court of Appeals

unreasonably applied federal law in denying this claim on direct appeal, Respondent argues the claim should be denied.

First, based on Petitioner's attachment to his habeas petition, he asserts that "the Solicitor (Robert Coler) allowed and assisted witness and victim Mr. William P. Huckabee to fraudulently testify in order to produce enough false evidence to support a Direct Verdict Motion on the grounds of self-defense." (Doc. # 1-1 at 4 of 95). In the response to the motion for summary judgment, Petitioner argues that he "was convicted on false testimony, where Solicitor Robert Coler and Dan Cudd helped witness and chosen victim William Huckabee to commit perjury in order to survive a directed verdict motion where Petitioner claimed self-defense." (Doc. #16 at 1). Therefore, it appears Petitioner is attempting to raise an issue of prosecutorial misconduct.

The issue of prosecutorial misconduct was not raised and ruled upon by the state courts. Therefore, this portion of Ground One is procedurally barred. Petitioner has not shown cause to overcome the procedural bar.[4]

In the event Petitioner is attempting to raise an issue of ineffective assistance of counsel for failing to impeach the witnesses based on fabricated testimony with the

---

[4] As this is an issue of prosecutorial misconduct, Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) would not be applicable because it applies to underlying claims of ineffective assistance of trial counsel not prosecutorial misconduct.

inconsistencies in their statements, the issue is also procedurally barred.[5] In the PCR action, Petitioner "testified that counsel failed to properly impeach both Tony and Jennifer with inconsistencies in their statements. Counsel testified he believed he effectively cross-examined both Jennifer and Tony on inconsistencies in their statements." (Attachment #19, doc. #11-20 at 7 of 10). The PCR held that the "nature and scope of cross-examination is inherently a matter of trial tactics." Id. The PCR court further found that Petitioner failed to proffer any questions counsel allegedly failed to ask, and did not present any testimony showing the witnesses' answers at trial would have been different. (Id. at 8 of 10). Therefore, the PCR court found that Petitioner failed to show that a different approach to cross-examination would have been beneficial to the defense. However, this issue was not raised in the petition for writ of certiorari. Thus, this issue with regard to ineffective assistance of counsel is procedurally barred from federal habeas review. Petitioner has not shown cause to overcome the default.[6]

---

[5] If Petitioner is attempting to raise an issue of trial court error based on fabricated evidence, it is procedurally barred as it was not raised on direct appeal.

[6] Ineffective assistance of appellate PCR counsel, rather than lower court PCR counsel, does not constitute cause. Johnson v. Warden of Broad River Corr., 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013)(PCR appellate counsel error cannot constitute cause under Martinez exception); Cross v. Stevenson, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013)("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal established cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's

As to the remainder of Ground One which pertains to trial court error for denying the motion for directed verdict on self-defense, it is the same issue raised on direct appeal and ruled on by the South Carolina Court of Appeals. Therefore, this portion of Ground One is ripe for consideration on the merits.

During the trial, Petitioner's trial counsel made a motion for a directed verdict at the close of the State's case which was denied by the trial court. (Tr. 261-265). At the close of the case, trial counsel renewed his motion for directed verdict arguing as follows:

> I would renew my motion for a directed verdict of acquittal on both the charge of manslaughter or, excuse me, of murder as well as assault and battery with intent to kill.
>
> And then also, Your Honor, at this point in time I raise my motion for a directed verdict of acquittal on the fact that the state has not disproven beyond a reasonable doubt if, in fact, my client did not take the life of Mr. Chris Huckabee or, in fact, did perform assault and battery with intent to kill, that it was not in self-defense.

(Tr. 299).

Trial counsel also requested a charge of self-defense if the motion for directed verdict

---

appellate courts.'") quoting Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012), exception does not extend to PCR appellate counsel. See e.g., Crowe v. Cartledge, No. 9:13–CV–2391–DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); Cross v. Stevenson, No. 1:11–CV–02874–RBH, 2013 WL 1207067 at *3 (D.S.C. Mar.25, 2013) ( "Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default.").

was denied.

The trial court ruled on the motion for directed verdict as follows:

> All right. Well, I think, I think the Court is obligated to instruct the jury on any offense, whether it the greater and/or any lesser included offense that is supported by the evidence in the case, and I think the evidence in this case can establish if the jury finds it to be reasonable that the defendant is only guilty of the lesser offenses of voluntary manslaughter and aggravated assault and battery if they find the element of malice to be absent. And so in this case I think they could reasonably find that.
>
> So based upon the fact that the evidence would support a conviction on the lesser included offenses, I will instruct the jury over the defense's objection on the lesser included offenses of voluntary manslaughter and aggravated assault and battery.
>
> Of course I will also instruct the jury on the defense of self-defense as well as–well, there will be some–well, self-defense. But that will include an instruction as it relates to nondeadly force and deadly force since I think that is encompassed by the evidence in the case.

(Tr. 300-301).

This issue was raised on direct appeal and the South Carolina Court of Appeals affirmed the trial court's denial of the motion. For background purposes, the facts[7] in this case as set forth in the opinion of the South Carolina Court of Appeals on direct

[7] A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1); Evans v. Smith, 220 F.3d 306 (4th Cir. 2000).

review are as follows:[8]

> Father testified that on the morning of the incident, Wife arrived at his trailer asking for a place to rest because Appellant had kicked her out of their trailer after an argument. Father agreed and allowed Wife to sleep on his sofa. While Wife rested, Father went to a store to purchase beer and cigarettes. Upon returning, he asked Wife to leave, which she did.
>
> Later that night, Father, Victim, Neighbor and Wife were at Father's trailer socializing when Appellant returned to the trailer for the third or fourth time. Neighbor and Wife were sitting on a sofa, and Appellant joined them. Appellant angrily demanded the key to their trailer from Wife. Wife denied having a key, and Appellant responded by yelling and screaming at her. Victim, who was sitting nearby, told Appellant, "I'm not having this in my daddy's house." Appellant told Victim to "shut your fucking mouth." Victim pushed his chair back and was getting up when Father attacked Appellant.
>
> Father hit Appellant, who fell to the couch. Father landed on the floor, and Victim asked him if he was all right. After that, Father passed out. When Father awoke, he was behind Appellant and saw Appellant kneeling over Victim. Father attacked Appellant again, and the next recollection Father had was finding Victim dead.
>
> Wife testified that on the morning of the incident she did not go to Father's trailer, but went to her grandmother's house after she and Appellant had a fight. Upon returning, she and Appellant cleaned a neighbor's yard. Father or Victim had invited Wife and Appellant to socialize at

---

[8] For reference purposes, the Court of Appeals referred to the parties as follows: William Huckabee ("Father"), Christopher Huckabee ("Victim"), Jennifer Weathers ("Wife"), and Barry Smith ("Neighbor"). (Attachment #6, doc. #11-7 at 2 of 6).

> Father's trailer. Later that night, Wife went to Father's trailer, and Appellant arrived fifteen to twenty minutes later.
>
> Wife said she was seated on the couch when Appellant came in and politely asked her for the key to their trailer. Before she could respond, Victim attacked Appellant and Father joined the fight. Victim and Father were armed with knives. The three men ended up on the floor, and Wife observed Appellant get cut with a knife. After the fight, Wife and Appellant left father's trailer.
>
> Officer Allen Wood, of the Spartanburg County Sheriff's Office, testified Wife's testimony conflicted with a statement she gave to the police a few hours after the incident. In that statement, she stated Appellant came into Father's trailer and said, "Where the fuck is my door key[?]" The statement also indicated that after this exchange between Appellant and Wife, victim told Appellant to "get the fuck out of my house." According to Wife's statement, Victim punched Appellant in the face, and Appellant responded in kind. Father jumped into the fight after Victim and Appellant exchanged blows.

(Attachment 6, doc. #11-7)

After the trial court denied the initial motion for directed verdict, the neighbor testified. Id. The neighbor's version of what happened was that he was at the Father's trailer the night of the incident and Wife arrived followed by Victim. Id. Petitioner arrived and knocked on the door and Victim answered. Petitioner asked Wife for the key to their trailer while outside of the trailer, and Victim was standing in the doorway. Id. The two stared each other down, then Victim made a move, and the fight

ensued, they landed in the trailer, and the Father joined in the fight. Id. However, Neighbor testified after Victim pulled out a knife and kicked Petitioner, he left and did not witness anything further. Id.

The Court of Appeals affirmed the trial court's denial of Petitioner's motion for a directed verdict holding as follows:

> To establish self-defense, four elements must be present: (10) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief, if the defendant was actually in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life; and (4) the defendant had no other probably means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in the particular instance. Hendrix, 270 S.C. at 657-58, 244 S.E.2d at 505-06.
>
> As to the first element, Appellant was not without fault in bringing on the difficulty. "The true rule is that the plea of self-defense is not available to one who uses language so opprobrious that a reasonable man would expect it to bring on a physical encounter, and which did actually contribute to bringing it on." State v. Woodham, 162 S.C. 492, 502, 160 S.E. 885, 889 (1931) (internal quotations omitted). Additionally, the question of whether the language used was opprobrious enough as to have reasonably been

> expected to bring on a difficulty is ordinarily a question of fact for the jury. State v. Ferguson, 91 S.C. 235, 242-43, 74 S.E. 502, 505 (1912).
>
> Although the three witnesses presented differing accounts of the incident, Father testified he struck Appellant after Appellant told Victim to "Shut your fucking mouth." we believe whether this language might reasonably have been expected to bring on the difficulty was a question for the jury. See id. (Holding whether defendant's calling his mother a "damn lie" might reasonably have been expected to bring on the difficulty was a jury question in a prosecution for killing his father).
>
> While we acknowledge that Wife testified Appellant came in and politely asked for the key to their trailer and did not address Victim, Father's contrary testimony created an issue of credibility and, at least, created a situation where the State produced enough evidence to survive a directed verdict motion. See Hendrix, 270 S.C. at 657, 244 S.E.2d at 505 (holding if there is any evidence, direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced, the trial court must submit the case to the jury); see also State v. Pitts, 256 S.C. 420, 427, 182 S.E.2d 738, 742 (1971) (Stating a motion for a directed verdict of acquittal is properly refused where the determination of guilt is dependent upon the credibility of a witness, as this is a question that goes to the weight of evidence and is clearly for determination by a jury). For these reasons we find the trial court properly submitted the case to the jury.

(Attachment 6, doc. #11-7 at 5-6).

Initially, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, supra; Thomas v. Davis, supra. However, to the extent

Petitioner is raising this claim as a due process violation, claims of insufficiency of the evidence such that a directed verdict should have been granted are cognizable in habeas actions as claims of a denial of due process. Review in this area is " 'sharply limited.' " Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.1998) (quoting Wright v. West, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)). The Wilson court determined that district courts are required to give significant deference to the state court's ruling on motions for directed verdict and similar challenges to the sufficiency of evidence to convict because "[f]ederal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." 155 F.3d at 405–06. This deference requires this court to consider that "a defendant is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979).

In this case, Petitioner was on trial for murder and ABIK. As set out above, three witnesses testified about what transpired the day Victim and Petitioner were in an altercation. Petitioner's common law wife, the victim's father, and a neighbor all testified to different accounts of what occurred. Based on the record, there was an issue of credibility as to the witnesses' testimony to be determined by a jury. The

South Carolina Court of Appeals determined that the trial judge did not err in denying Petitioner's motion for directed verdict because there was sufficient evidence to allow the case to go to the jury. Petitioner fails to show "no rational trier of fact could have found guilt beyond a reasonable doubt." Wilson, supra. The state court's determination was neither a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Accordingly, it is recommended that Ground One be dismissed.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #12) be granted and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 17, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**